Phillip Silvestri, Esq.
Nevada Bar No. 11276
BLACKSTONE TRIAL GROUP
1980 Festival Center Dr., Ste. 300
Las Vegas, NV 89135
Tel: (659) 241-4624
phillip.silvestri@blackstonetrial.com

*Attorneys for Defendant*
*NAPHCARE, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA QUINTANA, individually and as Special Administrator of the ESTATE OF ANDREW P. QUINTANA (Decedent); ANDREW S. QUINTANA, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF NORTH LAS VEGAS ex rel. NORTH LAS VEGAS POLICE DEPARTMENT and/or NORTH LAS VEGAS COMMUNITY CORRECTIONAL CENTER; NORTH LAS VEGAS POLICE DEPARTMENT; NORTH LAS VEGAS COMMUNITY CORRECTIONAL CENTER; DOE CORRECTIONAL OFFICERS 1-10; DOE SUPERVISORY DEFENDANTS 1-10; DOE JAIL ADMINISTRATORS 1-10; NAPHCARE, INC.; ROE MEDICAL CONTRACTOR; DOE MEDICAL PERSONNEL 1-10; ROE POLITICAL SUBDIVISIONS 1-5; inclusive, <br><br> Defendants. | Case No.:  2:26-cv-00398-CDS-MDC <br><br><br> **UNOPPOSED MOTION TO STAY DISCOVERY** |

Defendant NAPHCARE, INC. ("NaphCare") by and through the undersigned counsel, moves for an Order staying discovery, pending the outcome of NaphCare's Motion to Dismiss (Doc. 5, the "MTD"), and in support states as follows:

## I.    INTRODUCTION

This action arises from the death of pretrial detainee Andrew Quintana at the North Las

Vegas Community Correctional Center on January 10, 2024. Plaintiffs' Complaint (Doc. 2-1, the "Complaint") asserts ten (10) causes of action against NaphCare and various municipal defendants. Plaintiffs' claims include federal causes of action for violation of the decedent's and Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983, as well as various state law claims. *See generally* Complaint. NaphCare has moved to dismiss all of Plaintiffs' claims against it, arguing that Plaintiffs' *Monell* claim is insufficiently pled, and that Plaintiffs' state law claims sound in professional negligence, but were void *ab initio* when filed, due to Plaintiff's failure to comply with NRS 41A.071. *See* MTD. The MTD is fully briefed. *See* (Docs. 5, 12, 13.) The municipal defendants have answered the Complaint. (Doc. 7.)

A stay of discovery is warranted in this case based on the pragmatic approach to such motions. NaphCare's MTD is potentially dispositive of the entire case against it. Permitting discovery before the Court rules would impose substantial burden and expense on the Parties, and potentially the Court, in connection with claims that might not survive threshold scrutiny. The balance of factors under *Schrader* and *Aristocrat Techs.* strongly favor a stay. Further, both Plaintiff and the municipal defendants do not oppose a stay.

## II.    LEGAL STANDARD

Although a motion to dismiss does not automatically result in a stay, the "district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "When considering a motion to stay discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Overall v. Transp. Commodities, Inc.*, No. 2:25-cv-02036-APG-MDC, 2026 U.S. Dist. LEXIS 34652, at *2 (D. Nev. Feb. 20, 2026) citing *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1).

This Court follows the "pragmatic approach" when considering motions to stay discovery. *Id.* citing *Aristocra Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 U.S. Dist. LEXIS 90611, 2024 WL 2302151, at *2-3 (D. Nev. May 21, 2024). "The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without

further discovery; and (2) good cause exists to stay discovery." *Id.*

## III.    ARGUMENT

### A.    NaphCare's MTD can be decided without further discovery.

NaphCare's MTD is fully briefed. Neither NaphCare nor Plaintiff have suggested that discovery is necessary to evaluate the MTD. *See* Docs. 5, 12, 13. Indeed, the MTD presents purely legal questions that challenge the sufficiency of Plaintiff's Complaint, without looking beyond the 4 corners of the document, pursuant to FRCP 12(b)(6). *See also id.* citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (in evaluating a motion to dismiss, courts accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff.).

### B.    Good cause exists to stay discovery.

Good cause exists to stay discovery because NaphCare's MTD is potentially dispositive of the entire case relative to NaphCare. Specifically, NaphCare has moved each of the claims Plaintiffs have alleged against NaphCare, and has requested that these claims be dismissed with prejudice. *See* MTD. If the Court grants the MTD, NaphCare will be dismissed from the action entirely, eliminating any discovery related to NaphCare, and presumably eliminating much, if not all, of the medical care-related discovery in the case. That is precisely the type of motion that warrants a stay under the pragmatic approach. *Schrader v. Wynn Las Vegas*, No. 2:19-cv-02159-JCM-BNW, 2021 U.S. Dist. LEXIS 198974, 2021 WL 4810324, at *2 (good cause may be found where a movant seeks to stay discovery to prevent the undue burden or expense, and staying discovery because *inter alia,* "three dispositive motions are pending, which have the potential to simplify, or at least solidify, the parties, claims, and scope of discovery in this case."); *Lopez v. Ridges Cmty. Ass'n.*, No. 2:25-cv-02434-GMN-MDC, 2026 U.S. Dist. LEXIS 40682, at *3-4 (D. Nev. Feb. 27, 2026) (good cause exists to stay discovery on pending motion to dismiss because allowing discovery "would effectively deny [movants] of their argument that plaintiff failed to state a claim [and a]llowing the case to move forward would also prejudice the defendants given that plaintiff's claims, and discovery, may at least be narrowed which would decrease the expense of litigation."); *Est. of Dorsey v. United States.*, No. 2:25-cv-00811-RFB-MDC, 2026 U.S. Dist. LEXIS 11653, at *3 (D. Nev. Jan. 22, 2026) (same).

///

**C.      The Parties agree a stay is warranted.**

The undersigned certifies that the Parties met and conferred as part of the Parties' Rule 26(f) conference on March 13, 2026, as well as discussed the matter via email on March 16 and 17, 2026. All parties agree that discovery in this matter should be stayed pending the outcome of the MTD.

**IV.      CONCLUSION**

NaphCare's MTD is potentially dispositive of the entire case against NaphCare, and can be decided without discovery. Good cause exists to grant the present motion because doing so is consistent with Rule 1, and will conserve the party resources, and ensuring an efficient resolution of this case. Because good cause exists, and because Plaintiffs and the municipal defendants do not oppose a stay, the Court should grant the Motion.

Dated this 13th day of April, 2026.

**BLACKSTONE TRIAL GROUP**

*/s/ Phillip A. Silvestri, Esq.*
Phillip Silvestri, Esq.
Nevada Bar No. 11276
1980 Festival Center Dr., Ste. 300
Las Vegas, NV 89135
Tel: (659) 241-4624
phillip@blackstonetrial.com

*Attorneys for Defendant*
*NAPHCARE, INC*

**ORDER**

**IT IS SO ORDERED.**

_____
**Hon. Maximiliano D. Couvillier, III**
**United States Magistrate Judge**

**IT IS FURTHER ORDERED** that the parties shall file a discovery plan and scheduling order within 21 days after entry of an order adjudicating defendant NaphCare Inc.'s *Motion to Dismiss* (ECF No. 5).

**Dated: April 21, 2026**



BLACKSTONE
TRIAL GROUP