UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Angela Quintana, et al., | Case No. 2:26-cv-00398-CDS-MDC |
| Plaintiffs | **Order Granting in Part Naphcare's Motion to Dismiss** |
| v. | |
| City of North Las Vegas, et al., | [ECF No. 5] |
| Defendants | |

This is a personal injury and civil rights action that was removed from the Eighth Judicial District Court on February 16, 2026. Pet., ECF No. 2. Angela Quintana, individually and as Special Administrator of the Estate of Andrew P. Quintana (decedent), and Andrew S. Quintana (decedent's father), bring this complaint against the City of North Las Vegas and its employees and contractors. Compl., ECF No. 2-1. They seek relief under 42 U.S.C. § 1983 for deliberate medical indifference and conditions of confinements claims the decedent experienced while at the North Las Vegas Community Correctional Center (NLVCCC). *Id.* Defendant Naphcare, Inc., brings this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). Mot. to dismiss, ECF No. 5. Therein, Naphcare seeks to dismiss eight of the plaintiffs' claims. *Id.* For the reasons stated herein, I grant in part the motion to dismiss.

I.      **Background**[1]

The plaintiffs allege that the North Las Vegas Defendants[2] violated the decedent's rights because they failed to protect him from the known risk of exposure to fentanyl, and due to their

---

[1] Unless otherwise noted, the court only cites to the plaintiffs' complaint to provide context to this action, not to indicate a finding of fact.

[2] The plaintiffs refer to the City of North Las Vegas *ex rel.* North Las Vegas Police Department and/or North Las Vegas Community Correctional Center and its employees and contractors as "the North Las Vegas Defendants." ECF No. 2-1 at 3, ¶ 1. The plaintiffs refer to defendants Naphcare, ROE MEDICAL CONTRACTOR, and DOE MEDICAL PERSONNEL 1-10 as "the NLVCCC Medical Defendants." ECF No. 2-1 at 9, ¶ 27.

deliberate indifference in providing the decedent with the appropriate medical care while confined at NLVCCC. ECF No. 2-1 at 3, ¶ 1.

Naphcare is a for-profit correctional healthcare corporation, that contracted with defendant City of North Las Vegas (CNLV) to provide medical, mental-health, and substance-use disorder services to individuals housed at NLVCCC, including intake screening, detoxification, and withdrawal management. *Id.* at ¶¶ 3, 20.

On January 2, 2024, the decedent was arrested, booked, and confined as a pretrial detainee at the NLVCCC on a drug-related charge. ECF No. 2-1 at ¶¶ 4, 35. Less than eight days later, the decedent died in his jail cell from fentanyl toxicity. *Id.* at ¶¶ 4, 36. As alleged, the decedent was exposed to or ingested fentanyl while under the exclusive control of the defendants. *Id.* The plaintiffs further allege that the decedent exhibited clear and escalating signs of medical distress, including symptoms consistent with opioid overdose. *Id.* at 11, ¶ 38.

**II.     Legal standard**

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint does not have to contain "detailed factual allegations," but must contain more than an unadorned "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted) (citing

2

*Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

III.   **Discussion**

   **A.  The plaintiffs' first, fourth, fifth, and seventh through tenth claims are dismissed.**

As a threshold matter, the court must address some of the allegations in the complaint. The plaintiffs' first, fourth, fifth, seventh, and eighth claims trend in the direction of being a shotgun pleading.[3] A "shotgun pleading" is a "pleading that excessively prioritizes breadth over depth, such that the complaint is 'so vague and ambitious that [the defendants could] not reasonably be required to frame a responsive pleading.'" *In re Mortgages Ltd.*, 2013 WL 1336830, at *12 (Bankr. D. Ariz. Mar. 29, 2013) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128–32 (11th Cir. 2001)). Such a pleading can take two forms: First, when one party "pleads multiple parties did an act, without identifying which party did what specifically." *Id.* (citing *Destfino v. Reiswig*, 630 F.3d 952, 958–59 (9th Cir. 2011)). Second, it can happen when one party "pleads multiple counts . . .

---

[3] As to the plaintiffs' ninth and tenth claim, the plaintiffs argue that their survival and wrongful death claims should not be dismissed, given their pending federal *Monell* claim against Naphcare. Because the plaintiffs' argument relies on their fourth cause of action surviving, which it does not, I also dismiss the plaintiffs' ninth and tenth claim without prejudice.

and does not identify which specific facts fit that [c]ount in that very [c]ount, but instead rely on a blanket incorporation clause that incorporates all of the statement of facts." *Id.* (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006)). Such pleadings are disfavored because they "inexorably broaden[ ] the scope of discovery, much of which may be unnecessary" and "[u]nless the court has intervened and required the attorneys to replead the case, unless the court has definitively identified the parties' claims and defenses and has squeezed the case down to its bare essentials, defense counsel will be unable to give [its] client an accurate answer." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–84 (11th Cir. 2008). Shotgun pleadings are not tolerated by the court because they "lessen the time and resources the court has available to reach and dispose of the cases and litigants waiting to be heard." *In re Mortgages*, 2013 WL 1336830, at *13.

Here, the complaint is 34 pages long and sets forth ten causes of action. The court recognizes that this not extraordinarily long nor verbose, which is why this court does not specifically classify the complaint as a shotgun pleading. But the complaint's allegations do not clearly identify which defendant or defendants are allegedly responsible for specific law violations. *See e.g.*, ECF No. 2-1 at 13, ¶ 56 (asserting the defendants were deliberately indifferent to Andrew's serious medical needs by engaging in conducting that was objectively unreasonable); *id.* at 19, ¶ 95 (alleging the defendants maintained and enforced policies, customs, and practices that were deliberately indifferent to detainee safety); *id.* at 20, ¶ 105 (alleging that the defendants were aware of the substantial risk of fentanyl exposure posed to Andrew and were aware that without proper monitoring, emergency medical attention, an inmate suffering from an overdose while confined in a jail cell faced a substantial risk of serious injury or death). The introductory paragraphs of the complaint separated the defendants in essentially two categories: (1) "the North Las Vegas Defendants," which include the City of North Las Vegas *ex rel.* North Las Vegas Police Department and/or North Las Vegas Community Correctional Center and its employees and contractors, ECF No. 2-1 at 3, ¶ 1; and (2) "the NLVCC Medical

4

Defendants," which include defendants Naphcare, Roe Medical Contractor, and Doe Medical Personnel 1-10. ECF No. 2-1 9, ¶ 27. While the complaint brings claims for relief against "the defendants" generally, it does not specify what conduct Naphcare specifically took under claims one, four, five, seven, and eight. *See* ECF No. 2-1 at 12–34. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against them and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Because the complaint does not delineate which defendants the allegations are directed towards with sufficient detail to allow the defendants to defend themselves, I dismiss claims one, four, five, seven, and eight without prejudice and with leave to amend.[4] If plaintiffs elect to file a first amended complaint (FAC), the FAC should clearly state each claim against each defendant and sufficiently lay out allegations that, when accepted as true, state a claim to relief that is plausible on its face.

**B.   The plaintiffs' sixth cause of action survives Naphcare's motion to dismiss.**

The plaintiffs' sixth cause of action alleges negligence against all defendants. The plaintiffs allege that the defendants were responsible for the custody, care, and protection of the inmates housed at NLVCCC, and owed a duty of care to take reasonable measures to protect Andrew from foreseeable harm and to supervise correctional staff. ECF No. 2-1 at 21. The plaintiffs further allege that the defendants knew or should have known that Andrew faced an acute risk of overdose, withdrawal, or medical collapse. *Id.* at ¶ 115. The plaintiffs further allege that despite the known risk, the defendants failed to implement adequate post-intake monitoring and failed to place Andrew on enhanced observation status. *Id.* at 22. As to defendant Naphcare, the plaintiffs assert that Naphcare's conduct relates to custodial monitoring, emergency response, and constitutional minimum care. *Id.* at 21 n.2.

---

[4] Because the plaintiffs' first, fourth, fifth claims are dismissed, I do address Naphcare's additional arguments on the merits.

The complaint sets forth sufficient allegations to place Naphcare on notice of the allegations against it. Naphcare is alleged to have acted negligently regarding Andrew's custodial monitoring, emergency response, and medical care. *Id.*

Naphcare also moves to dismiss the plaintiffs' sixth claim, asserting that the sixth cause of action sounds in professional negligence and must be dismissed because the plaintiffs failed to include an affidavit of merit with their complaint, which renders the sixth claim void ab initio. ECF No. 5 at 6. In opposition, the plaintiffs argue that its state-law claims do not sound in professional negligence, and even if they did, a complete dismissal is inappropriate. ECF No. 12 at 8. To support their position, the plaintiffs explain that some of the defendants that are defined as DOE MEDICAL PERSONNEL 1-10, particularly "the other healthcare staff," may not be "provider of health care" as defined by NRS 41 A.017. *Id.* at 9.

Professional negligence is "the failure of a provider of health care, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances by similarly trained and experienced providers of health care." NRS 41A.015. NRS 41A.071 requires that a professional negligence action must be filed with an affidavit that: (1) supports the allegations contained in the action; (2) is submitted by a medical expert; (3) "[i]dentifies by name, or describes by conduct, each provider of health care who is alleged to be negligent;" and (4) "[s]ets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms." *Schomer v. Narvaiza*, 2025 U.S. Dist. LEXIS 27688, *8 (D. Nev. Feb. 13, 2025) (quoting NRS 41A.017)).

Nevada law requires dismissal of a lawsuit alleging professional negligence that does not include an affidavit by a qualified medical expert that contains certain information, including "factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms." *Finch v. United States*, 2026 U.S. Dist. LEXIS 128961, at *2–3 (D. Nev. June 10, 2026) (citing NRS 41A.071). And the Supreme Court of Nevada has held that a plaintiff cannot cure the failure to include the required affidavit by filing an amended complaint. *See*

*Washoe Med. Ctr. v. Second Judicial Dist. Court*, 148 P.3d 790, 794 (Nev. 2006) (finding that a medical malpractice complaint filed without a supporting medical expert affidavit in compliance with NRS 41A.071 "is void ad initio, it does not legally exist and thus it cannot be amended").

But NRS 41A.071 does not apply in federal courts because it is displaced by Federal Rule of Civil Procedure 8, which requires only "a short and plain statement of the claim" to file a complaint. *Taylor v. Las Vegas Metro. Police Dep't*, 2026 U.S. Dist. LEXIS 51899, at *5 (D. Nev. Mar. 13, 2026) (citing *Berk v. Choy*, 607 U.S. 187, 198 (2026)). Accordingly, assuming without deciding that the sixth cause of action pleads a professional negligence claim, I reject Naphcare's argument and do not find that the plaintiffs' state law claim asserting negligence should be dismissed for failing to comply with the affidavit requirement. Consequently, Naphcare's request that this court dismiss the negligence claim as time-barred is denied.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Naphcare's motion to dismiss **[ECF No. 5] is GRANTED in part:** claims one, four, five, and seven through ten are DISMISSED without prejudice.

IT IS FURTHER ORDERED that should the plaintiffs seek to file a first amended complaint, they must do so no later than **July 30, 2026**, and title it as such.

Dated: July 7, 2026

_____
Cristina D. Silva
United States District Judge